IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARSHALL WASHINGTON, | § | |
| TDCJ #1380992, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0635 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Marshall Washington (TDCJ #1380992) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction. After reviewing the petition and supporting memorandum, the Court issued an order directing Washington to show cause why his petition should not be dismissed as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). (Doc. # 5). Washington has filed a response to that order. (Doc. # 7). After considering all of the pleadings, the petitioner's response to the show cause order, and the applicable law, the Court **dismisses** this case for reasons that follow.

## I.      BACKGROUND

Washington is presently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ") as the result of a felony conviction for aggravated assault with a deadly weapon, namely, a firearm. On July 6, 2006,

Washington pleaded guilty to those charges, which were lodged against him in cause number 1051728, in the 248th District Court of Harris County, Texas.  The trial court accepted Washington's guilty plea and sentenced him to serve twelve years of imprisonment in that case.[1]

In a federal habeas corpus petition that is dated February 23, 2009, Washington seeks relief from his aggravated assault conviction on the grounds that he was denied effective assistance of counsel prior to his guilty plea.  The Court notes that Washington did not file a direct appeal from his July 2006 conviction.  According to the pleadings, Washington waited well over a year, until March 17, 2008, to challenge his aggravated assault conviction on state habeas corpus review.  The Texas Court of Criminal Appeals denied that application on or about January 21, 2009.[2]

---

[1]    Washington concedes that he was also convicted on July 6, 2006, of felony driving while intoxicated (DWI), pursuant to his guilty plea in cause number 1065847.  Washington, who picked up the felony DWI charge while on bond for the aggravated assault offense in cause number 1051728, received a concurrent sentence of four years' imprisonment as a result of his guilty plea in cause number 1065847.  Washington does not challenge his DWI conviction here.  He has filed a separate federal habeas corpus proceeding to challenge his sentence in that case.  *See Washington v. Quarterman*, Civil No. H-08-3358 (S.D. Tex.) (arguing that his punishment was improperly enhanced by an invalid prior conviction).

[2]    State court records reflect that Washington filed a separate state habeas corpus application to challenge his DWI conviction in cause number 1065847, which the Texas Court of Criminal denied on July 30, 2008.  *See Ex parte Washington*, No. 70,200-01.  Washington filed a federal habeas petition to challenge that conviction in October of 2008.  *See Washington v. Quarterman*, Civil No. H-08-3358 (S.D. Tex.).  State court records show that Washington was denied a writ of mandamus on October 15, 2008, and he was denied a writ of habeas corpus to challenge his aggravated assault conviction on January 21, 2009.  *See Ex parte Washington*, Nos. 70,200-02 & 70,200-03.  *See* Texas Court of Criminal Appeals, Case Search at www.cca.courts.state.tx.us (last visited April 7, 2009).  Exhibits attached to Washington's memorandum reflect that Texas Court of Criminal Appeals sent Washington
(continued...)

2

The pleadings document an extended period of delay on Washington's part in pursuing habeas corpus review. Accordingly, for reasons discussed in more detail below, the Court finds that his petition must be dismissed because it is barred by the governing one-year statute of limitations.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

As explained to Washington in the Court's show cause order, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a habeas petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

---

[2](...continued)
     notice of the dismissal on January 26, 2009. (Doc. # 2, Exhibit A).

Because Washington challenges a state court judgment, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   As noted above, the pleadings reflect that Washington did not pursue a direct appeal from his July 6, 2006 guilty plea.  As a result, his conviction became final thirty days later, on or about August 6, 2006.  That date triggered the one-year statute of limitations on federal habeas corpus review, which expired on or about August 6, 2007.  Washington's pending federal habeas corpus petition, executed on February 23, 2009,[3] is well outside the one-year statute of limitations and is therefore time-barred unless he can show that a statutory or equitable exception applies.

A.      **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  Washington filed a state habeas corpus application to challenge his aggravated assault conviction on March 17, 2008, which the Texas Court of Criminal Appeals denied on or about January 21, 2009.  Because Washington waited to challenge his state court conviction until after the federal habeas statute

---

[3]      The Clerk's Office received the petition on March 2, 2009, but it is dated February 23, 2009, indicating that Washington placed his pleadings in the prison mail system on that date.  For statute of limitations purposes, courts in the Fifth Circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

of limitations expired, these state court proceedings had no tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Washington presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Washington does not invoke 28 U.S.C. § 2244(d)(1)(B), or show that he was subject to state action that prevented him from filing a timely petition. Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. §2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

**B.      Equitable Tolling**

In his response to the show cause order, Washington concedes that his pending federal petition is untimely and he appears to request equitable tolling.[4] Equitable tolling is an extraordinary remedy which is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has held that the statute of limitation found

---

[4]      Alternatively, Washington asks for his claims in this case to be consolidated with the federal habeas corpus proceeding that he filed in October of 2008, to challenge his conviction for felony DWI in cause number 1065847. *See Washington v. Quarterman*, Civil No. H-08-3358 (S.D. Tex.). Washington may not circumvent the one-year statute of limitations in this manner. Moreover, Washington has not requested consolidation in compliance with this Court's local rules. *See* U.S. DIST. CT. S.D. TEX. R. 7.6. Likewise, the Court notes that Washington raises different substantive claims in the federal habeas corpus petitions filed in these two proceedings. Because the cases do not present "common questions of law or fact," consolidation is not warranted for this additional reason. *See* FED. R. CIV. P. 42(a).

in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quotation omitted). Thus, a "'garden variety claim of excusable neglect'" does not support equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)), *cert. denied*, — U.S. —, 128 S. Ct. 2873 (2008). The Supreme Court has observed that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Washington has not met either criteria here because he does not allege facts showing that he pursued his rights with the requisite diligence and he further fails to show that extraordinary circumstances prevented him from pursuing relief in a timely manner.

In this instance, the pleadings demonstrate that Washington delayed pursuing habeas corpus review. Washington was convicted pursuant to his guilty plea in July of 2006, and he did not pursue a direct appeal. Although the federal habeas statute of limitations expired on

6

in August of 2007, Washington waited until March 17, 2008, to present his claims in a state habeas corpus application.  The Texas Court of Criminal Appeals reportedly denied that application on January 21, 2009.  Washington waited almost an entire month to execute the pending federal habeas corpus petition on February 23, 2009.  It is well established that equitable tolling is not available where, as here, the petitioner squanders his federal limitations period.  *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Other than pointing to his status as a *pro se* litigant, Washington offers no justification for his delay.  The Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition.  *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).  The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[5]  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.

---

[5]    The Court notes, however, that Washington's claims were adjudicated on state habeas corpus review.  Exhibits attached to Washington's supporting memorandum show that the state habeas corpus court rejected his claims of ineffective assistance of counsel after considering an affidavit from Washington's retained attorney.  (Doc. # 2, Exhibit C).  The Texas Court (continued...)

2000).  The doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'"  *In re Wilson*, 442 F.3d 872,  875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)); *see also Lookingbill*, 293 F.3d at 264-65 (holding that lateness of four days was not excused).  The Court concludes that the petitioner's circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173.  Washington has not established that he is entitled to equitable tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

---

[5](...continued)
   of Criminal Appeals denied relief without a written order on findings made by the trial court.
   (Doc. # 2, Exhibit A).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over twelve years, since April of 1996.  This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim.  Therefore, a certificate of appealability will not issue.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.      The federal habeas corpus petition is **DISMISSED** with prejudice as barred by

the statute of limitations.

2.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>April 13, 2009</u>.

Nancy F. Atlas
United States District Judge

10